UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Hertz Global Holdings, Inc.,

                    Plaintiff,

        –v–

Nat. Union Fire Ins. Co. of Pittsburgh, *et al.*,

                    Defendants.

19-cv-6957 (AJN)

ORDER

On October 14, 2020, Defendants filed a letter requesting that the Court stay discovery pending resolution of its Motion to Dismiss Plaintiff's Second Amended Complaint.  *See* Dkt. No. 77.  Plaintiff filed a letter in response on October 16, 2020 opposing the request for a stay.  *See* Dkt. No. 78.  For the reasons described below, the Court grants Defendants' motion.

"A district court has discretion to stay discovery pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, upon a showing of good cause."  *Mirra v. Jordan*, No. 15-cv-4100(AT) (KNF), 2016 WL 889559, at *2 (S.D.N.Y. Mar. 1, 2016) (citing *Hong Leong Finance Limited v. Pinnacle Performance Limited*, 297 F.R.D. 69, 72 (S.D.N.Y. 2013)).  Courts typically consider "the breadth of discovery sought, the burden of responding to it, the prejudice that would result to the party opposing the stay, and the strength of the pending motion forming the basis of the request for stay."  *Republic of Turkey v. Christie's, Inc.*, 316 F. Supp. 3d 675, 677 (S.D.N.Y. 2018) (quotation omitted).  "The party seeking a stay of discovery bears the burden of showing good cause."  *Mirra*, 2016 WL 889559, at *2.

Defendants have demonstrated good cause.  The pending motion, if granted, is likely to be dispositive of the case, as Plaintiff asserts only one cause of action (breach of contract) in its

Second Amended Complaint.  *See* Dkt. 65.  To be sure, "discovery should not be routinely stayed simply on the basis that a motion to dismiss has been filed."  *Moran v. Flaherty,* 1992 WL 276913, at *1 (S.D.N.Y. Sept. 25, 1992).  But Defendant has also demonstrated that Plaintiff's discovery requests are substantial.  Defendant asserts that Plaintiff seeks "ten broad categories of documents, including all documents and communications regarding the negotiation, drafting and performance of the relevant policies," and seeks to "require Defendants to prepare corporate witnesses to testify regarding fourteen broad topics."  Dkt. No. 77.  Plaintiff responds that it "served just one request for documents and notice of deposition (for a Rule 30(b)(6) witness of National Union, and none for U.S. Specialty)."  Dkt. No. 78.  However, while Plaintiff may only have made one request, the Court agrees with Defendants that this one request was expansive enough in its wording to impose significant discovery obligations on Defendants.

Moreover, the Court does not find that Plaintiff will face any significant prejudice as the result of the stay.  To be sure, the Court does *not* agree with Defendants that Plaintiff's willingness to delay discovery in the past in an effort to facilitate resolution of the case demonstrates that Plaintiff will not suffer any prejudice from further delay.  Nonetheless, a short delay at this time would not be unfairly prejudicial.  Because Plaintiff's discovery requests appear to be primarily for documentary evidence and for testimony of corporate witnesses who will rely heavily on documents in preparing for their depositions, there is little risk of that "fading memories with the passage of time" will result in "unfair prejudice to Plaintiff if discovery were stayed."  *Buffalo Emergency Assocs., LLP v. Unitedhealth Grp., Inc.*, No. 19-CV-1148S, 2020 WL 3259252, at *1 (W.D.N.Y. June 16, 2020).  Moreover, the Court sees no other reason why Plaintiff would suffer any significant prejudice because of the delay.

The Court therefore grants Defendants request for a stay of discovery pending resolution of its motion to dismiss.  Additionally, the parties note in their letters that Plaintiff requested a stay of the case pending the parties' mediation on November 30, 2020.  The Court will not stay the case and the mediation will not affect any deadlines unless otherwise stated.  This resolves Docket Number 77.

SO ORDERED.

Dated: November 12, 2020
       New York, New York

_____
J. PAUL OETKEN
United States District Judge

Part I