UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Hertz Global Holdings, Inc.,

                Plaintiff,

    –v–

National Union Fire Insurance Company of Pittsburgh, *et al.*,

                Defendants.

19-cv-6957 (AJN)

MEMORANDUM OPINION & ORDER

ALISON J. NATHAN, District Judge:

    Plaintiff brought claims for breach of contract against its insurers for denying coverage under a liability policy for an investigation into the company by the Securities and Exchange Commission. In a Memorandum Opinion & Order, the Court granted Defendants' motion to dismiss Plaintiff's complaint for failure to state a claim. Plaintiff moves for reconsideration pursuant to Federal Rule of Civil Procedure 59(e) and for leave to file a third amended complaint under Rule 15. For the reasons that follow, that motion is DENIED.

I.   BACKGROUND

    A summary of the facts alleged in this case is provided in the Court's March 30, 2021 Memorandum Opinion & Order. Dkt. No. 83. Briefly, Hertz filed a complaint asserting claims for breach of contract against Defendant National Union Fire Insurance Company of Pittsburgh and Defendant U.S. Specialty Insurance Company after the insurers declined to cover the costs of an SEC investigation into the company. Dkt. No. 3. Defendants filed a joint motion to dismiss the complaint for failure to state a claim. Dkt. No. 22. Hertz amended its complaint in response to the motion, and then after Defendants filed a new motion to dismiss, Hertz amended

1

again. Dkt. Nos. 29, 42, 65. Defendants filed a third motion to dismiss, and Hertz opposed the motion instead of requesting further leave to amend. Dkt. Nos. 69, 74.

The Court granted Defendants' motion in a Memorandum Opinion & Order on March 20, 2021, on the grounds that the term "Securities Claim" in the parties' contract, which was defined to include "administrative and regulatory proceedings" but not "investigations," did not apply to the SEC investigation into Hertz. Dkt. No. 83. The Court also held that Plaintiff had failed to plausibly allege a claim for breach of contract with respect to Defendants' alleged failure to pay out claims for individual insureds. *Id.*

A month later, Hertz substituted its prior counsel for new counsel. Dkt. No. 86. Shortly thereafter, Hertz filed a motion to alter the judgment pursuant to Rule 59(e) or for leave to file an amended complaint. Dkt. No. 94. That motion is fully briefed. Dkt. No. 108, 109.

## II. DISCUSSION

As discussed below, the Court denies Hertz's motion for reconsideration and its request for leave to amend.

### A. Motion for Reconsideration

Federal Rule of Civil Procedure 59(e) permits a Court to reconsider its prior decisions in limited circumstances where the moving party "identifies an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Trust*, 729 F.3d 99, 104 (2d Cir. 2013) (internal quotation marks and citation omitted). The standard for a motion for reconsideration is high and intended to "ensure the finality of decisions and to prevent the practice of a losing party examining a decision and then plugging the gaps of a lost motion with additional matters." *Medisim Ltd. v. BestMed LLC*, No. 10-CV-2463 (SAS), 2012 WL 1450420,

at *1 (S.D.N.Y. Apr. 23, 2012) (internal quotation marks and citation omitted). As such, "[a] motion for reconsideration may not be used to advance new facts, issues or arguments not previously presented to the Court, nor may it be used as a vehicle for relitigating issues already decided by the Court." *R.F.M.A.S., Inc. v. Mimi So*, 640 F. Supp. 2d 506, 509 (S.D.N.Y. 2009). Ultimately, "the decision as to whether to grant a motion for reconsideration rests within the sound discretion of the district court." *Callari v. Blackman Plumbing Supply, Inc.*, 988 F. Supp. 2d 261, 287 (E.D.N.Y. 2013).

Hertz's motion for reconsideration is without merit. The Court held in its Memorandum Opinion & Order that the parties' insurance contract did not provide for coverage of the SEC Formal Order of Investigation because, among other reasons, the Order did not constitute an "administrative or regulatory proceeding" under the contract. After the Court's opinion was issued, Hertz retained new counsel and filed a motion for reconsideration with a host of arguments supporting its preferred interpretation of that contract term. Some of these arguments were previously asserted before the Court, whereas some are new or repackaged, but all of them are typical contract interpretation arguments regarding the plain meaning of terms, the language and structure of the contract, and principles of contract interpretation.

Not one of these arguments, however, provides a basis for reconsideration. A mere disagreement on the merits—in this case Hertz's belief that the Court came to the incorrect conclusion when interpreting the term "administrative or regulatory proceeding"—does not alone constitute a "clear error" for the purposes of a Rule 59(e) motion. Hertz must identify an intervening change of law, new evidence, or a clear error in the Court's reasoning. Hertz has not done so. Instead, Hertz seeks a fresh attempt with new counsel to persuade the Court on the

merits of its interpretation, which is simply not the appropriate use of a Rule 59(e) motion.[1] *See Stone v. Theatrical Inv. Corp.*, 80 F. Supp. 3d 505, 506 (S.D.N.Y. 2015) (A motion under Rule 59(e) is "neither an occasion for repeating old arguments previously rejected nor an opportunity for making new arguments that could have been previously advanced."). The Court will therefore not use its discretion to reconsider its previous decision.

### B. Motion for Leave to Amend

In the alternative, Hertz moves for leave to file a Third Amended Complaint. "In the ordinary course, the Federal Rules of Civil Procedure provide that courts 'should freely give leave' to amend a complaint 'when justice so requires.'" *Williams v. Citigroup Inc.*, 659 F.3d 208, 212 (2d Cir. 2011) (quoting Fed. R. Civ. P. 15(a)(2)). "Where, however, a party does not seek leave to file an amended complaint until after judgment is entered, Rule 15's liberality must be tempered by considerations of finality." *Id.* at 213. Thus, "[a] party seeking to file an amended complaint postjudgment must first have the judgment vacated or set aside pursuant to [Rules] 59(e) or 60(b)." *Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008). Further, "it might be appropriate in a proper case to take into account the nature of the proposed amendment in deciding whether to vacate the previously entered judgment." *Williams*, 659 F.3d at 213.

---

[1] Not only do none of Hertz's contract interpretation arguments show that the Court's decision constituted "clear error," they are unpersuasive even if they had been properly raised in the first instance. For example, one of Hertz's primary arguments is that the SEC's rules and performance manual characterize an SEC Formal order as initiating a "formal investigative proceeding" and that other courts have referred to the Order as a "proceeding" for the purposes of an obstruction of justice statute, 18. U.S.C. § 1505. Dkt. No. 95 at 10-13. But the SEC's use of the term "formal investigative proceeding" or the decisions of non-binding case law interpreting the term "proceeding" in a completely unrelated statute have almost no bearing on whether the parties in this case intended for the term "administrative or regulatory proceeding" in their contract to include the SEC Formal Orders of Investigation. For the reasons stated in its opinion, the Court has already determined based on the language of the contract that an SEC Formal Order did not constitute an "administrative or regulatory proceeding."

The Court will not grant Plaintiff leave to amend.  As discussed above, Hertz's motion for reconsideration is without merit, and Hertz's proposed third amended complaint does not persuade the Court away from that conclusion.  Hertz has had already had three opportunities to amend its complaint in response to Defendants' motions to dismiss and failed to remedy the deficiencies in its complaint.  Therefore, the Court will not permit Hertz to file a fourth complaint in this action.  "[T]o hold otherwise would enable the liberal amendment policy of Rule 15(a) to be employed in a way that is contrary to the philosophy favoring finality of judgments and the expeditious termination of litigation." *Williams*, 659 F.3d at 213.

### III. CONCLUSION

Hertz's Rule 59(e) motion and motion for leave to file an amended complaint are DENIED.  The request for oral argument is denied as moot. This resolves Dkt. Nos. 93, 94, and 110.

SO ORDERED.

Dated: March 25, 2022
   New York, New York

ALISON J. NATHAN
United States District Judge